Eastern District of Kentucky
**FILED**

FEB 03 2017

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO.**

UNITED STATES OF AMERICA           PLAINTIFF

v.          **PLEA AGREEMENT**

STEVEN ELLIS           DEFENDANT

\* \* \* \* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the Defendant will enter a guilty plea to Count One of the Information, charging a violation of 18 U.S.C.§ 666(a)(1)(A), theft from a federally funded organization. The United States will not bring charges for related offenses for years other than the one set out in the Information.

2. The essential elements of Count One are:

     (a) The Defendant was an agent of the University of Kentucky.

     (b) The University received in a twelve-month period over $10,000.00 of funds under a federal grant or program.

     (c) During the same twelve-month period, the Defendant embezzled and stole property owned by the University of Kentucky.

     (d) The stolen property was worth more than $5,000.

3. As to the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

At all relevant times, Steven Elis worked at the University of Kentucky in the Physics and Astronomy Department (P & A) as a staff employee. As a part of his job, Ellis supervised the ordering and purchasing of lab equipment. Over a period of many years, including the

twelve-month period referenced in this Information, Ellis caused to be ordered equipment that became surplus equipment for the department. Ellis took this surplus equipment home and sold it on E-Bay and kept the proceeds for himself. The University receives far in excess of $10,000 each year under federal grants and programs. The equipment stolen and sold by Ellis was valued well in excess of $5,000.

4. The statutory punishment for Count One is imprisonment for not more than ten (10) years, a fine of not more than $250,000, and a term of supervised release of not more than three (3) years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. The United States and the Defendant agree to the following findings and stipulations for the purposes of sentencing guidelines calculations. The Defendant, stipulates pursuant to U.S.S.G § 1B1.2 (c) that additional offenses, involving additional twelve-month periods of theft, were committed by the Defendant, but not charged pursuant to this plea agreement, and that the loss for those additional offenses shall be considered for purposes of the loss calculation. The parties stipulate that the loss for sentence calculation purposes is $137,662.80. The parties further stipulate that the Defendant shall pay restitution to the University of Kentucky in the amount of $299,603.15 ($137,662.80 plus audit cost and royalties refund). The Defendant agrees to pay restitution at or before sentencing. There is no agreement as to any other offense level assessment and each Party may object to or argue the appropriateness of any such additional assessment or calculation.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for the claims of ineffective assistance of counsel, the Defendant also, waives the right to attack collaterally the guilty plea, conviction and sentence.

8. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek information for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant. The United States Attorney for the Eastern District of Kentucky will not bring any additional charges against the Defendant if he lives up to the terms of this Plea Agreement.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: Feb. 3, 2017

By: _____
Kenneth R. Taylor
Assistant United States Attorney

Date: 6 JAN 2017

_____
Steven Ellis
Defendant

Date: 1-6-17

*Fred E. Peters* (signature)

Fred E. Peters
Attorney for Defendant